IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Lewis Mills, #198973, ) | C/A No. 8:14-3069-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| U.S. Magistrate Judge Bristow Marchant, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

John Lewis Mills ("Plaintiff"), proceeding pro se, apparently brings this civil action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971).[1] Plaintiff is currently incarcerated at the Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## Background

Plaintiff brings this lawsuit against United States Magistrate Judge Bristow Marchant ("Judge Marchant") alleging that Judge Marchant made incorrect rulings in, and misjudged, several of his prior cases. [Doc. 1 at 2–3.] Specifically, he alleges Judge Marchant in *Mills v. Cnty. of Greenville*, C/A No. 0:08-69-PMD-BM, indicated that he believed Plaintiff's "Armed Robbery and Murder cases were together," but that this was a "grave" error. [*Id.* at 3.] Further, he contends that Judge Marchant erred by finding "that 'the armed robbery and murder charges arose out of an incident in March 2005.' . . . and 'although Plaintiffs allege that he was also convicted of murder, the records provided to the Court only indicate

---

[1] In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.

that he is scheduled to be charged.'" [*Id*; Doc. 1-1 at 1–2.] Based on these alleged errors, Plaintiff contends "[t]here is no way that my claim was fairly and adequately judged based upon these grave errors." [Doc. 1 at 3.] In particular, Plaintiff seems to complain about two cases assigned to Judge Marchant—C/A No. 9:13-1865-GRA-BM, that was dismissed, and a pending habeas corpus action, C/A No. 9:14-1675-TMC-BM. [*Id*.] For his relief, Plaintiff requests this Court to "reopen my cases(s) that were dismissed without prejudice by Magistrate Judge Bristow Marchant, and give me a new judge." [*Id*. at 5.]

This Court takes judicial notice that Petitioner has a pending § 2254 habeas corpus action filed in this Court, and United States District Court Judge Timothy M. Cain and Judge Marchant are both assigned. *See Mills v. Warden*, C/A No. 9:14-1675-TMC-BM; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Additionally, this Court takes judicial notice that on September 20, 2013, it dismissed Plaintiff's previous § 2254 habeas corpus action without prejudice for failure to exhaust state remedies. *See Mills v. Warden*, C/A No. 9:13-1865-GRA-BM (D.S.C. Sept. 20, 2013), ECF No. 12. Further, this Court takes judicial notice that in *Mills v. Cnty. of Greenville*, C/A No. 0:08-69-PMD-BM, wherein Judge Marchant allegedly entered the erroneous rulings, the case was dismissed without prejudice on April 15, 2008; on June 28, 2012, Plaintiff filed a motion to reopen the action based on the alleged errors, and on July 9, 2012, United States District Judge Patrick

Michael Duffy denied the motion. *See Mills v. Cnty. of Greenville*, C/A No. 0:08-69-PMD-BM (D.S.C.), ECF No. 33, 39, 40.

### Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but

a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

This action should be dismissed with prejudice because it is barred by the doctrine of judicial immunity. It is well settled that judges have absolute immunity and are shielded from liability for actions taken in their judicial capacity unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Immunity applies to actions for damages and injunctive relief. *See Abebe v. Seymour*, C/A No. 3:12-377-JFA-KDW, 2012 WL 1130667 at *2–3 (D.S.C. April 4, 2012) (citing 42 U.S.C. § 1983 (2006), and noting that declaratory relief may be available in some cases), *aff'd*, 479 F. App'x 464 (4th Cir. 2012). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts

were in error, malicious, or in excess of his authority. *Id.* at 12-13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Here, Plaintiff alleges that Judge Marchant is a United States Magistrate Judge who has been assigned to several of Plaintiff's cases filed in this Court, and he asserts errors with Judge Marchant's rulings in *Mills v. Cnty. of Greenville*, C/A No. 0:08-69-PMD-BM. Specifically, Plaintiff contends Judge Marchant erred by finding that his armed robbery and murder counts arose from the same incident and misjudged the case. Additionally, Plaintiff seems to allege that Judge Marchant erred by dismissing his case, *Mills v. Warden*, C/A No. 9:13-1865-GRA-BM, because he requests this Court to reopen his prior cases dismissed without prejudice and appoint a different judge. Thus, Plaintiff is complaining about Judge Marchant's alleged erroneous judicial actions entered in his prior cases; he does not mention any pertinent nonjudicial actions. As noted above, judicial immunity protects a judge from liability based on erroneous judicial acts. Accordingly, judicial absolute immunity is on point, and it should bar this action.

Moreover, Plaintiff's attempt to obtain a different magistrate judge for his cases by directly suing Judge Marchant is procedurally inappropriate. If Plaintiff believes that Judge Marchant erred in certain cases, the proper remedy would be to appeal the ruling to the United States District Judge and/or file a direct appeal with the United States Court of Appeals for the Fourth Circuit.[2] *See Abebe*, 2012 WL 1130667 at *2. Also, in a pending

---

[2] This Court acknowledges that Plaintiff unsuccessfully filed a motion to reopen *Mills v. Cnty. of Greenville*, C/A No. 0:08-69-PMD-BM, based on Judge Marchant's alleged error.

5

case, the proper remedy to obtain a different judge is to make a request within the case that the judge recuse himself.  See 28 U.S.C. § 144.

## Recommendation

It is recommended that the District Court dismiss the Complaint *with prejudice* based on judicial immunity and without issuance and service of process.  See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

August 15, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).