IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Lewis Mills, | ) | |
| | ) | Civil Action No. 8:14-3069-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| U.S. Magistrate Judge Bristow Marchant, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff John Lewis Mills, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's Complaint be dismissed with prejudice based on judicial immunity and without issuance and service of process. (ECF No. 16). Plaintiff was advised of his right to file objections to the Report. (ECF No. 16 at 7). Plaintiff filed objections on September 8, 2014. (ECF No. 20).[1]

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that

---

[1] Plaintiff states that he timely mailed his objections to the Report, but that the mail was returned to him. (ECF No. 20-3). Having reviewed Plaintiff's filings, the court will consider Plaintiff's objections as timely.

case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As set forth above, Plaintiff filed objections to the Report. (ECF No. 20). In his objections, Plaintiff is under the mistaken impression that Magistrate Judge Bristow Marchant has recused himself from all of Plaintiff's cases. However, Magistrate Judge Marchant has recused himself from only this case, presumably (and understandably) because he was named as a defendant. (ECF No. 5).

Judicial recusals are governed by a framework of interlocking statutes. Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." The alleged bias or prejudice must be derived from an extra-judicial source. *Belue v. Leventhal*, 640 F.3d 567, 572-73 (4th Cir. 2011). Prior judicial rulings, on their own, "almost never constitute a valid basis for a bias or partiality motion," nor do opinions formed by a judge during prior proceedings. *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (internal quotation marks and citation omitted). *See also Duplan Corp. v. Deering Milliken, Inc.*, 400 F.Supp. 497, 514 (D.S.C. 1975) (stating, in the context of a recusal motion, that bias and prejudice of a trial judge "must be based on something other than rulings in the particular case or the words the judge uses in setting forth his rulings"). Moreover, a judge is not required to recuse himself "simply because of unsupported, irrational or highly tenuous speculation." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks omitted) (citations omitted). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Belue*, 640 F.3d at 574. Magistrate Judge Marchant recused himself from only this action, where

he was named as a defendant, and his recusal in this action does not have any effect on Plaintiff's prior actions or pending actions. Accordingly, the court finds his objections to be without merit.

The court has thoroughly reviewed the Report, Plaintiff's objections, and the record in this case and finds no reason to deviate from the Report's recommended disposition Based on the foregoing, the court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Magistrate Judge's Report (ECF No. 16) and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice based on judicial immunity and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

September 22, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.